Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3697 | **DATE** | 8/27/2004 |
| **CASE TITLE** | Miroslaw Laguna vs. U.S. Dept. of Justice, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For all the reasons set out here, "it plainly appears from the face of the petition...that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That calls for summary dismissal (id.), and this Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 30 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 90 |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 2004 AUG 27 PM 3:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIROSLAW LAGUNA K-73065,  )
                          )
         Plaintiff,       )
                          )
    v.                    )  Nos. 04 C 3697
                          )       04 C 4193
U.S. DEPARTMENT OF JUSTICE,)
IMMIGRATION AND NATURALIZATION )
SERVICE, etc.,            )
                          )
         Defendant.       )

MEMORANDUM OPINION AND ORDER

This litigation, in which pro se plaintiff Miroslaw Laguna ("Laguna") seeks to avoid his proposed removal from the United States as assertedly in violation of his rights (he asserts such removal is barred by his claimed status of either "derivative citizenship" or that of a United States "national"), originally got off to a false start. Laguna's first District Court case, No. 04 C 3697, was assigned to this Court's calendar via random assignment--but both because it was then the understanding of Assistant United States Attorney Sheila Entenman that Laguna was not scheduled for release from state custody until some time next year and because Laguna had also tendered a petition seeking the same relief from our Court of Appeals a few days before he filed his 04 C 3697 Complaint, this Court entered a brief June 10, 2004 memorandum order that--in part--dismissed the action without prejudice.

Two further developments then caused this Court to vacate



that June 10 order.  For one thing, it turned out that Laguna's release from the state criminal sentence that he was serving had actually taken place (the information provided to and relied on by the Assistant United States Attorney had mistakenly not taken account of good time credit that Laguna had received, triggering an earlier outdate).  For another, on June 4 (though this Court learned of that action only after June 10) the Court of Appeals had transferred the matter before it to this District Court, where it was given Case No. 04 C 4193 and randomly assigned to one of this Court's colleagues.  This Court then promptly caused the higher-numbered case to be reassigned to its own calendar on grounds of relatedness and ordered the Assistant United States Attorney to file a response.

Now the United States has timely filed what it labels as "Defendant's Return to Petition for Writ of Habeas Corpus." Because (as explained hereafter) Laguna's remedy (if any) lies in the potential for obtaining habeas relief under 28 U.S.C. §2241, this Court will follow the government's lead in speaking of Laguna's filing as his "Petition."  And also as explained hereafter, Rule 4 of the Rules Governing Section 2254 Cases in the United states District Courts ("Section 2254 Rules")[1] calls for the summary dismissal of the Petition.

---

[1] Section 2254 Rule 1(b) vests discretion in this Court to apply those rules in dealing with Laguna's Petition.  It does so.

First, Case No. 04 C 4193 requires little discussion. Because 8 U.S.C. §1252(b)(9) consolidates any judicial review of nationality claims such as those raised in Laguna's final-order petition for review in the Court of Appeals (INS v. St. Cyr, 533 U.S. 289, 313-14 (2001)), this District Court lacks jurisdiction over the claims that Laguna has raised in that respect. And as for our Court of Appeals, it too lacks jurisdiction because of the statutory provision (8 U.S.C. §1252(b)(1)) that requires the filing of such a petition for review within 30 days after the date of the final order of removal. That limitation is a strict jurisdictional requirement, as our Court of Appeals stated in its June 4, 2004 transfer order (it cited for that proposition its own per curiam decision in Sankarapillai v. Ashcroft, 330 F.3d 1004, 1006 (7th Cir. 2003)).

As our Court of Appeals went on to say in its transfer order, the only proper forum for relief (if any) to which Laguna might be entitled is through habeas corpus under 28 U.S.C. §2241 (see also St. Cyr, 533 U.S. at 314). But although that statute vests this Court with jurisdiction to entertain Laguna's Petition on the merits, such a merits review dooms him.

To avoid status as an "alien" who is subject to removal, Laguna must show that he is either a "citizen" or a "national" of the United States (that statutory definition is found at 8 U.S.C. §1101(a)(3)). And because Laguna is admittedly not a citizen, he

3

must resort--and does--to the claim that he is a "national," a term that under 8 U.S.C. §1101(a)(22) includes "a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

That concept of "permanent allegiance" has not been addressed by our own Court of Appeals, but two other Courts of Appeals have issued decisions last year that persuasively call for the rejection of Laguna's position. Both Perdomo-Padilla v. Ashcroft, 333 F.3d 964 (9th Cir. 2003) and Salim v. Ashcroft, 350 F.3d 307 (3d Cir. 2003)(per curiam) have confirmed (1) that the status of a non-citizen "national" is limited to someone born in a United States territory (Perdomo-Padilla, 333 F.3d at 967-68) and (2) that "ow[ing] a permanent allegiance to the United States" requires nothing short of birth (in the United States or one of its territories) or of a completed naturalization (id. at 966; Salim, 350 F.3d at 310). Because Laguna was born in Poland, he thus does not qualify as a United States "national" under the statute. Nor under the cases does his registration for Selective Service purposes or his 37 years' residence in the United States (or both) do the job. And finally, the pendency of an application for United States citizenship (as contrasted with a completed naturalization) falls short as well (Perdomo-Padilla, 333 F.3d at 966; Salim, 350 F.3d at 310).

Lest that latter determination might be viewed as overly

4

harsh, in this instance Laguna's record is such that he is ineligible for citizenship in all events. That is so because his 2001 conviction for an aggravated felony makes him permanently ineligible: 8 U.S.C. §1427(a)(3) requires that he be "a person of good moral character," while 8 U.S.C. §1101(f)(7) and (8) specify that anyone who has served 180 days or more of imprisonment or who has been convicted of an aggravated felony cannot be found to be of good moral character (see also <u>Salim</u>, 350 F.3d at 310).

As indicated earlier, those things alone scotch Laguna's effort to obtain habeas relief. But the United States adds another string to its bow by pointing to Laguna's failure to have exhausted his administrative remedies, citing to <u>Cardoso v. Reno</u>, 216 F.3d 512, 518 (7th Cir. 2000) for that purpose. Such administrative review is available to entertain an appeal from a decision on his application for derivative citizenship, and any judicial review of the denial of a naturalization application must await the exhaustion of those administrative remedies (see 8 C.F.R. §336.9(d)).

For all the reasons set out here, "it plainly appears from the face of the petition...that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That calls for summary dismissal (<u>id</u>.), and this Court so orders. As an aggravated felon, Laguna is properly in detention awaiting his

5

removal to Poland based upon a final order of deportation.[2]

                /s/ Milton I. Shadur
                Milton I. Shadur
                Senior United States District Judge

Date: August 27, 2004

---

[2] This ruling moots Laguna's motions for appointment of counsel (Dkt. No. 16-1 in Case No. 04 C 3697 and Dkt. No. 4-1 in Case No. 04 C 4193). Each motion is accordingly denied on mootness grounds.